UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE VEGA MARIN,

        Plaintiff,

v.

SIXTH AVE. SHOE REPAIR CORP. d/b/a/
ANDRADE GENERAL SHOE REPAIR, CESAR
ANDRADE, and MARIA TERESA ANDRADE,

        Defendants.

JUDGE LYNCH

07 CIV 6191

COMPLAINT

ECF Case

RECEIVED
JUL 03 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## COMPLAINT

1. Plaintiff Jorge Vega Marin, who worked for more than ten years shining and repairing shoes, handbags, and jackets, brings this action by his undersigned attorneys to recover damages arising out of his employment. Throughout his employment, Plaintiff was regularly required to work more than seventy hours each week, but defendants Sixth Ave. Shoe Repair Corp., Cesar Andrade and Maria Teresa Andrade (collectively, "Defendants") refused to pay Plaintiff legally-mandated overtime compensation, "spread of hours" pay, and – during certain periods of his employment – the minimum wage.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction based upon 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because all of the acts of which Plaintiff complains occurred in this District and the principal office of Sixth Ave. Shoe Repair Corp. is located in this District.

1

## PARTIES

### *Plaintiff*

4. Plaintiff Jorge Vega Marin was employed by Defendants as a repairer, shiner, and cleaner of shoes, handbags, and jackets at Andrade General Shoe Repair from approximately January 1, 2000 to approximately December 30, 2006.

5. Prior to his employment at Andrade General Shoe Repair in 2000, Plaintiff had been employed since in or about 1995 by defendants Cesar Andrade and Maria Teresa Andrade at another store they operated, University Place Shoe Repair Corp., d/b/a/ Andrade Shoe Repair.

6. At all times relevant to this action, Plaintiff was Defendants' employee within the meaning of New York Labor Law §§ 190(2), 651(5) and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e).

### *Defendants*

7. Upon information and belief, defendant Sixth Ave. Shoe Repair Corp. is a corporation organized and existing under the laws of the State of New York.

8. Upon information and belief, defendant Sixth Ave. Shoe Repair Corp. has its principal executive office at 487 Sixth Avenue, New York, New York 10011.

9. At all times relevant to this action, Sixth Ave. Shoe Repair Corp. operated and did business as "Andrade General Shoe Repair."

10. Andrade General Shoe Repair is located at 487 Sixth Avenue, New York, New York 10011.

11. Upon information and belief, defendant Cesar Andrade is the Chairman or Chief Executive of Sixth Ave. Shoe Repair Corp.

12. At all times relevant to this action, defendant Cesar Andrade participated in the operation and management of Sixth Ave. Shoe Repair Corp.

13. Upon information and belief, at all times relevant to this action, defendant Cesar Andrade had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation provided to Plaintiff.

14. At all times relevant to this action, defendant Maria Teresa Andrade participated in the operation and management of Sixth Ave. Shoe Repair Corp.

15. Upon information and belief, at all times relevant to this action, defendant Maria Teresa Andrade had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation provided to Plaintiff.

16. At all times relevant to this action, defendant Sixth Ave. Shoe Repair Corp. was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the New York Labor Law §§ 190(3), 651(6).

17. At all times relevant to this action, defendant Cesar Andrade was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the New York Labor Law §§ 190(3), 651(6).

18. At all times relevant to this action, defendant Teresa Andrade was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the New York Labor Law §§ 190(3), 651(6).

### *Enterprise*

19. Upon information and belief, and at all times relevant to this action, defendants Maria Teresa Andrade and Cesar Andrade ("Individual Defendants") operated at least three stores – University Shoe Repair Corp., d/b/a/ Andrade Shoe Repair; Sixth Ave. Shoe Repair

Corp., d/b/a/ Andrade General Shoe Repair; and Seventh Ave. Shoe Repair Corp., d/b/a/ Cesar's Shoe Repair (collectively, "the Andrade Enterprise") – as related businesses for the purposes of cleaning, shining, and repairing shoes, purses, and leather goods.

20. Upon information and belief, defendant Cesar Andrade is the Chairman or Chief Executive of University Shoe Repair Corp, a corporation organized and existing under the laws of the State of New York.

21. At all times relevant to this action, University Shoe Repair Corp. operated and did business as "Andrade Shoe Repair."

22. Andrade Shoe Repair is located at 101 University Place, New York, New York 10003.

23. Upon information and belief, University Shoe Repair Corp. has its principal executive office at 82-07 57th Avenue, Elmhurst, New York 11373.

24. Upon information and belief, and at all times relevant to this action, defendant Cesar Andrade participated in the operation and management of University Shoe Repair Corp.

25. Upon information and belief, and at all times relevant to this action, defendant Maria Teresa Andrade participated in the operation and management of University Shoe Repair Corp.

26. Upon information and belief, defendant Cesar Andrade is the Chairman or Chief Executive of Seventh Ave. Shoe Repair Corp., a corporation organized and existing under the laws of the State of New York.

27. At all times relevant to this action, Seventh Ave. Shoe Repair Corp. operated and did business as "Cesar's Shoe Repair."

28. Upon information and belief, Seventh Ave. Shoe Repair Corp. has its principal executive office at 82-07 57th Avenue, Elmhurst, New York 11373.

29. Upon information and belief, and at all times relevant to this action, defendant Cesar Andrade participated in the operation and management of Seventh Ave. Shoe Repair Corp.

30. Upon information and belief, and at all times relevant to this action, defendant Maria Teresa Andrade participated in the operation and management of Seventh Ave. Shoe Repair Corp.

31. Upon information and belief, and at all times relevant to this action, the Andrade Enterprise was engaged in the common business purpose of selling shoe repair and related services to the public.

32. Upon information and belief, the Individual Defendants operated the Andrade Enterprise under unified ownership and control.

33. Employees from one store in the Andrade Enterprise sometimes moved to other stores. For example, prior to his employment at Andrade General Shoe Repair, Plaintiff was employed for approximately five years at Andrade Shoe Repair on University Place.

34. Upon information and belief, and at all times relevant to this action, the Andrade Enterprise utilized a common mechanism for ordering merchandise for sale in the stores and materials to repair and maintain shoes.

35. The Andrade Enterprise has been at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that it (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or materials that have been moved in or produced for

commerce by any person; and (ii) has had an annual gross volume of sales or business done of not less than $500,000.

## FACTS

36. Plaintiff began working for the Andrade Enterprise in approximately 1995 at Andrade Shoe Repair on University Place and worked there until his employment at Andrade General Shoe Repair.

37. Plaintiff was employed by Defendants at Andrade General Shoe Repair from approximately January 1, 2000 to approximately December 30, 2006.

38. During his employment, Plaintiff's primary duties included cleaning shoes, jackets and handbags, shining shoes and making repairs to shoes, jackets, and handbags. Plaintiff was also required to clean the windows of the store each morning.

39. Throughout his employment, Plaintiff's normal weekly work schedule required him to work considerably more than forty hours each week, and he typically worked in excess of seventy hours each week.

40. Throughout his employment, Plaintiff generally worked twelve and one-half hours each day from Monday through Friday. Plaintiff generally worked nine hours on Saturdays.

41. Throughout his employment, the period each day from the time Plaintiff began work until the time that he left work (the "spread of hours") typically exceeded ten hours at least five days each week.

42. The amount of break time that Plaintiff took each day was de minimis.

43. Defendants did not pay Plaintiff the minimum wage mandated by state law for some portion of his employment. Specifically, from January 1, 2006, when the New York

minimum wage rose to $6.75 per hour, to December 6, 2006, Defendants failed to pay Plaintiff an hourly rate at least equal to New York State's minimum wage.

44. Each week, Defendants failed to pay Plaintiff time-and-a-half compensation for each hour worked in excess of forty.

45. When Plaintiff worked a spread of hours that exceeded ten hours in a day, he did not receive any additional compensation.

46. During the time that Plaintiff was employed by Defendants, Defendants did not furnish him with a statement with every payment of wages, listing gross wages, deductions and net wages as required by the New York Labor Law.

47. All of the violations of the FLSA and New York Labor Law cited above were willful within the meaning of the New York Labor Law.

## **TOLLING AGREEMENTS**

48. Plaintiff entered into a binding tolling agreement dated March 5, 2007 with Defendants and all of their respective parent companies, successors, predecessors, affiliates, assigns, partners, employees, agents, officers, or directors (collectively "Sixth Ave. Shoe Repair Corp."). The agreement tolls the statute of limitations, as well as any other time-based defense such as laches, for the period March 5, 2007 through May 5, 2007, for all claims of Plaintiff arising out of his employment by Sixth Ave. Shoe Repair Corp., including claims arising under New York Labor Law and the FLSA.

49. Plaintiff entered into a binding tolling agreement dated May 3, 2007 with Defendants and all of their respective parent companies, successors, predecessors, affiliates, assigns, partners, employees, agents, officers, or directors (collectively "Sixth Ave. Shoe Repair Corp."). The agreement tolls the statute of limitations, as well as any other time-based defense

such as laches, for the period March 5, 2007 through June 5, 2007, for all claims of Plaintiff arising out of his employment by Sixth Ave. Shoe Repair Corp., including claims arising under New York Labor Law and the FLSA.

## COUNT I
## FEDERAL OVERTIME VIOLATION

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. Defendants failed to compensate Plaintiff at a premium of one-and-one-half times his regular rate for all hours worked in excess of forty in a workweek as required by 29 U.S.C. § 207.

52. Defendants' failure to pay overtime premiums was willful within the meaning of 29 U.S.C. § 255(a).

53. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages, an equal amount in the form of liquidated damages, interest, and reasonable attorneys' fees and costs of the action.

## COUNT II
## STATE OVERTIME VIOLATION

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendants failed to compensate Plaintiff at a premium of one-and-one-half times his regular rate for all hours worked in excess of forty in a workweek as required by New York Labor Law § 652 and accompanying regulations, including but not limited to 12 N.Y.C.R.R. § 142-2.2.

56. Defendants' failure to pay overtime premiums was willful within the meaning of New York Labor Law § 663(1).

57. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages, an amount equal to one quarter of his unpaid overtime wages in the form of liquidated damages, interest, and reasonable attorneys' fees and costs of the action.

## COUNT III
## STATE MINIMUM WAGE VIOLATION

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. From approximately January 1, 2006 to approximately December 6, 2006, Defendants willfully failed to compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652.

60. Defendants' failure to pay overtime premiums was willful within the meaning of New York Labor Law § 663(1).

61. Due to Defendants' failure to pay Plaintiff minimum wage, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages, an amount equal to one-quarter of his unpaid minimum wages in the form of liquidated damages, interest, and reasonable attorneys' fees and costs of the action.

## COUNT IV
## STATE "SPREAD OF HOURS" VIOLATION

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants failed to pay Plaintiff one additional hour's pay at the minimum wage rate for each day that Plaintiff's spread of hours exceeded ten hours, in violation of New York

Labor Law §§ 190 *et seq.* and 650 *et seq.* and accompanying regulations, including but not limited to 12 N.Y.C.R.R. § 142-2.4.

64. Defendants' failure to pay Plaintiff an additional hour of wages for each day that Plaintiff's spread of hours exceeded ten hours was willful within the meaning of New York Labor Law § 198.

65. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid spread of hours wages, an amount equal to one-quarter of his unpaid wages in the form of liquidated damages, interest, and reasonable attorneys' fees and costs of the action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

(a) Compensatory damages for failure to pay minimum wages from approximately January 1, 2006 to approximately December 6, 2006 in an amount to be determined at trial;

(b) Compensatory damages for failure to pay overtime wages in an amount to be determined at trial;

(c) Compensatory damages for failure to pay "spread of hours" compensation in an amount to be determined at trial;

(d) Liquidated damages;

(e) Prejudgment and postjudgment interest;

(f) Plaintiffs' reasonable attorneys' fees, together with the costs and disbursements of this action; and

(g) Such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	July 3, 2007

                                    URBAN JUSTICE CENTER

                                    By: /s/ Molly K. Biklen
                                    Harvey D. Epstein (HE 8165)
                                    Molly K. Biklen (MB 3491)
                                    Urban Justice Center
                                    123 William Street, 16th Floor
                                    New York, NY 10038
                                    Tel: (646) 459-3008

                                    *and*

                                    YISROEL SCHULMAN, ESQ. (YS 3107)
                                    NEW YORK LEGAL
                                    ASSISTANCE GROUP

                                    By: /s/
                                    Elena Goldstein, of Counsel (EG 8586)
                                    New York Legal Assistance Group
                                    450 West 33rd Street, 11th Floor
                                    New York, NY 10001
                                    Tel: (212) 613-5024

                                    *Attorneys for Plaintiff*