United States District Court
Southern District of New York
------------------------------------------X
Jorge Vega Marin,

                Plaintiff,

-against-

Sixth Ave. Shoe Repair Corp. d/b/a Andrade
General Shoe Repair, Cesar Andrade and
Theresa Andrade,

                Defendants.
------------------------------------------------X

Index No.: 07 CV 6191
(GEL)

Amended Answer

    Defendants by their attorney Kenneth Geller, P.C. as and for their amended answer to plaintiff's complaint, alleges upon information and belief as follows:

    1. Admit that plaintiff worked shining and cleaning shoes but except as specifically admitted deny each and every other remaining allegation in paragraph 1 of plaintiff's complaint.

    2. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of plaintiff's complaint.

    3. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 3 of plaintiff's complaint.

    4. Admit that plaintiff was employed by defendant Andrade General Shoe Repair as a cleaner of shoes and handbags from approximately January 1, 2000 to approximately December 30, 2006, but except as specifically admitted deny each and every other remaining allegation in paragraph 4 of plaintiff's complaint.

    5. Admit that before his employment at Andrade General Shoe Repair Corp. had been employed by University Place Shoe Repair Corp. operated by defendants Cesar Andrade and Maria Teresa Andrade but except as specifically admitted deny each and every other remaining allegation in paragraph 5 of plaintiff's complaint.

    6. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 6 of plaintiff's complaint.

    7. Admit the allegations in paragraph 7 of plaintiff's complaint.

8. Admit the allegations in paragraph 8 of plaintiff's complaint.

9. Admit the allegations in paragraph 9 of plaintiff's complaint.

10. Admit the allegations in paragraph 10 of plaintiff's complaint.

11. Admit that defendant Cesar Andrade is the president of Sixth Ave. Shoe Repair Corp., but except as specifically admitted deny each and every other remaining allegation in paragraph 11 of plaintiff's complaint.

12. Admit the allegations in paragraph 12 of plaintiff's complaint.

13. Admit that defendant Cesar Andrade had the power to hire and fire Plaintiff and negotiate mutually agreeable terms and conditions of plaintiff's employment and compensation, but except as specifically admitted deny each and every other remaining allegation in paragraph 13 of plaintiff's complaint

14. Admit the allegations in paragraph 14 of plaintiff's complaint.

15. Admit that defendant Maria Teresa Andrade had the power to hire and fire Plaintiff, but except as specifically admitted deny each and every other remaining allegation in paragraph 15 of plaintiff's complaint.

16. Deny the allegations in paragraph 16 of plaintiff's complaint.

17. Deny the allegations in paragraph 16 of plaintiff's complaint.

18. Deny the allegations in paragraph 18 of plaintiff's complaint.

19. Admit that defendants Cesar and Maria Teresa Andrade operated University Shoe Repair Corp., Sixth Ave. Shoe Repair and Seventh Ave. Shoe Repair for the purposes of cleaning, shining and repairing shoes, purses, and leather goods, but except as specifically admitted deny each and every other remaining allegation in paragraph 19 of plaintiff's complaint.

20. Admit that defendant Cesar Andrade is the president of University Shoe Repair Corp. corporation organized and existing under the laws, but except as specifically admitted deny each and every other remaining allegation in paragraph 20 of plaintiff's complaint.

21. Admit the allegations in paragraph 21 of plaintiff's complaint.

22. Admit the allegations in paragraph 22 of plaintiff's complaint.

23. Deny the allegations in paragraph 23 of plaintiff's complaint.

24. Admit the allegations in paragraph 24 of plaintiff's complaint.

25. Admit the allegations in paragraph 25 of plaintiff's complaint.

26. Admit that defendant Cesar Andrade is the president of Seventh Ave. Shoe Repair Corp. a corporation organized and existing under the laws of New York, but except as specifically admitted deny each and every other remaining allegation in paragraph 26 of plaintiff's complaint.

27. Admit the allegations in paragraph 27 of plaintiff's complaint.

28. Deny the allegations in paragraph 28 of plaintiff's complaint.

29. Admit the allegations in paragraph 29 of plaintiff's complaint.

30. Admit the allegations in paragraph 30 of plaintiff's complaint.

31. Deny the allegations in paragraph 31 of plaintiff's complaint.

32. Deny the allegations in paragraph 32 of plaintiff's complaint.

33. Admit that Plaintiff was employed at both Andrade General Shoe Repair and Andrade Shoe Repair, but except as specifically admitted deny each and every other remaining allegation in paragraph 33 of plaintiff's complaint.

34. Deny the allegations in paragraph 34 of plaintiff's complaint.

35. Deny the allegations in paragraph 35 of plaintiff's complaint.

36. Admit that plaintiff worked at Andrade Shoe Repair and Andrade General Shoe Repair, but except as specifically admitted deny each and every other remaining allegation in paragraph 36 of plaintiff's complaint.

37. Admit the allegations in paragraph 37 of plaintiff's complaint.

38. Admit that during his employment, Plaintiff's primary duties included cleaning shoes, jackets, handbags and shining shoes and once a week cleaned the interior of the business' windows, but except as specifically admitted deny each and every other remaining allegation in paragraph 38 of plaintiff's complaint.

39. Deny the allegations in paragraph 39 of plaintiff's complaint.

40. Deny the allegations in paragraph 40 of plaintiff's complaint.

41. Deny the allegations in paragraph 41 of plaintiff's complaint.

42. Deny the allegations in paragraph 42 of plaintiff's complaint.

43. Deny the allegations in paragraph 43 of plaintiff's complaint.

44. Deny the allegations in paragraph 44 of plaintiff's complaint.

45. Deny the allegations in paragraph 46 of plaintiff's complaint.

46. Deny the allegations in paragraph 47 of plaintiff's complaint.

48. Admit the allegations in paragraph 48.

49. Admit the allegations in paragraph 49.

50. Defendants repeat, reaffirm and re-allege each and every admission, denial and denial based on lack of knowledge or information sufficient to form a belief in paragraphs 1 through and including 49 of their answer as if set forth at length herein.

51. Deny the allegations in paragraph 51 of plaintiff's complaint.

52. Deny the allegations in paragraph 52 of plaintiff's complaint.

53. Deny the allegations in paragraph 53 of plaintiff's complaint.

54. Defendants repeat, reaffirm and re-allege each and every admission, denial and denial based on lack of knowledge or information sufficient to form a belief in paragraphs 1 through and including 49 and paragraphs 51 through 54 of their answer as if set forth at length herein.

55. Deny the allegations in paragraph 55 of plaintiff's complaint.

56. Deny the allegations in paragraph 56 of plaintiff's complaint.

57. Deny the allegations in paragraph 57 of plaintiff's complaint.

58. Defendants repeat, reaffirm and re-allege each and every admission, denial and denial based on lack of knowledge or information sufficient to form a belief in paragraphs 1 through and including 49, paragraphs 51 through 54 and paragraphs 55 through 57 of their answer as if set forth at length herein.

59. Deny the allegations in paragraph 59 of plaintiff's complaint.

60. Deny the allegations in paragraph 60 of plaintiff's complaint.

61. Deny the allegations in paragraph 61 of plaintiff's complaint.

62. Defendants repeat, reaffirm and re-allege each and every admission, denial and denial based on lack of knowledge or information sufficient to form a belief in paragraphs 1 through and including 49, paragraphs 51 through 54, paragraphs 55 through 57 and paragraphs 59 through 61 of their answer as if set forth at length herein.

63. Deny the allegations in paragraph 63 of plaintiff's complaint.

64. Deny the allegations in paragraph 64 of plaintiff's complaint.

65. Deny the allegations in paragraph 65 of plaintiff's complaint.

WHEREFORE, defendants demand judgment dismissing plaintiff's complaint and for any other and further relief the Court finds just.

Dated: September 6, 2007
Inwood, NY

                                                  Yours etc.
                                        Kenneth Geller, P.C.

                                          By:S/_____
                                          Kenneth Geller, (2399)
                                          Attorney for defendants
                                          372 Doughty Boulevard
                                          Inwood, NY 11096

To:
Urban Justice Center
Attorney for plaintiff
123 William Street-16th Floor
New York, NY 10038
(646) 459-3008

New York Legal Assistance Group
450 West 33rd Street-11th Floor
New York, NY 10001
(212) 613-5024

Ans-Amend-AndradeShoe.doc                        5