



**Urban Justice Center**
123 William Street, 16th floor, New York, NY 10038
Tel: (646) 602-5600 • Fax: (212) 533-4598
www.urbanjustice.org

**Board of Directors**

Mitchell A. Lowenthal, Esq.
*Chairman*
Partner
Cleary Gottlieb Steen & Hamilton LLP

Felipe Aransaenz
Managing Director
York Stockbrokers

Michael A. Barasch, Esq.
Partner
Barasch McGarry Salzman & Penson

Pat Budziak
Member
i2 Foundation

Peter Cicchino, Esq.
*In Memoriam* (1960-2000)

Jonathan Cole, Ph. D.
J.M. Mason Professor of the University
Provost & Dean of Faculties, *Emeritus*
Columbia University

Marc Falcone, Esq.
Partner
Paul, Weiss, Rifkind, Wharton & Garrison LLP

Jeffrey D. Haroldson, Esq.
President
HDG Mansur Capital Group, LLC

Helen Hershkoff, Esq.
Professor
New York University School of Law

Raquiba LaBrie, Esq.
Program Director
Open Society Institute

Stephen Loffredo, Esq.
Professor
CUNY Law School

Christopher J. Meade, Esq.
Partner
WilmerHale

Arnold B. Peinado, III, Esq.
Partner
Milbank, Tweed, Hadley & McCloy LLP

David A. Singleton, Esq.
Executive Director
Ohio Justice and Policy Center

Christopher K. Tahbaz, Esq.
Partner
Debevoise & Plimpton LLP

David Tobis, Ph.D.
Executive Director
Fund for Social Change

**Executive Director**
Douglas Lasdon, Esq.

November 9, 2007

**By Hand**
Honorable Gerard E. Lynch
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Vega Marin v. Sixth Ave. Shoe Repair Corp., et al.*, 07 Civ. 6191 (GEL)

Dear Judge Lynch:

Pursuant to Rule 2(F) of your Honor's Individual Rules, the parties to the above-referenced action hereby submit this joint letter regarding their discovery dispute.

*Plaintiff's Position*

Plaintiff seeks an order compelling Defendants to produce documents in response to Request for the Production of Documents and to respond to Interrogatory 22.

1. <u>Failure to Receive Any Documents</u>

Pursuant to the Court's Case Management Plan, Plaintiff served his Request for the Production of Documents by priority mail on September 11, 2007. Rule 34(b) of the Federal Rules of Civil Procedure requires a party to serve responses to requests for the production of documents within 30 days of service.

On October 23, 2007, Plaintiff's counsel faxed a letter to Defendants informing them pursuant to Federal Rule of Civil Procedure 37(a)(2)(A) and Rule 2(F) of Your Honor's Individual Rules that the discovery requests were outstanding and to request that Defendants provide their responses by the close of business the following day.

After receiving no response to Plaintiff's letter on this issue, Plaintiff's counsel, Elena Goldstein, spoke with Defendants' counsel, Kenneth Geller, by telephone on October 26, 2007. Defendants' counsel stated that Plaintiff could expect to receive responses by November 2,

Urban Justice Center

2007. Plaintiff did not receive Defendants' responses on November 2, 2007.

On November 7, 2007, Plaintiff received Defendants' written responses to the document requests, but has not received any actual documents. Defendants' responses indicate that documents are being reviewed and that, if responsive documents are found, will be produced at some later, unspecified date. Defendants' counsel, Kenneth Geller, and Plaintiff's counsel, Molly Biklen and Elena Goldstein, conferred by telephone regarding this matter on November 9, 2007,[1] but Defendants' counsel was unable to give a date certain by which the documents would be produced.

Fact discovery closes on December 14, 2007 and Plaintiff has noticed several depositions to occur before then. Plaintiff cannot take depositions or proceed with discovery in an orderly or efficient fashion without receiving Defendants' documents responsive to his requests. Accordingly, Plaintiff seeks a pre-motion conference to resolve this matter.

2. Defendants' Objections to Interrogatories and Document Requests Concerning Enterprise Liability

Plaintiff served several interrogatories and document requests seeking information and documents concerning the operation, corporate structure, and financial statements of the three businesses alleged to be an enterprise under the FLSA. Specifically, Interrogatory 22 asks Defendants to "identify all persons involved in ordering or stocking merchandise or supplies" at the three stores. Document requests 18-20 seek financial statements for the three stores, including gross and net revenues, requests 31 and 32 ask for documents related to the legal status, ownership and shareholders of the three stores, request 34 seeks documents related to the ordering of inventory and supplies for the three stores and request 35 asks for documents related to the assets and liabilities of each of the Defendants.

Defendants have objected to Interrogatory 22 and each of the above-described document requests insofar as they seek information regarding University Place Shoe Repair Corp. and Seventh Ave. Shoe Repair Corp. on the grounds that such information is not relevant. They also object to producing business tax returns for Defendant Sixth Ave. Shoe Repair Corp. on the ground that tax returns are not relevant and object to Request 35 in its entirety on the grounds that such information is not relevant.

These requests are directly relevant to the question whether Defendant Sixth Ave. Shoe Repair Corp., University Place Shoe Repair Corp., and Seventh Ave. Shoe Repair Corp. together constitute an enterprise under 29 U.S.C. § 203(r)(1). Discovery into the three stores' revenues, as well as whether they conducted related activities, operated under unified or common control, and possessed a common business purpose, is central to Plaintiff's claims. *See, e.g., Bowrin v. Catholic Guardian Soc'y*, 417 F. Supp. 2d 449, 458 (S.D.N.Y. 2006). In addition, as Defendant Cesar Andrade is the President of all three corporations and both individual defendants operate and manage the three stores, these materials are in the custody and control of the named defendants. For the same reason, the assets and liabilities of the each of the defendants are relevant to the enterprise inquiry.

---

[1] This conversation took place at 11 a.m. and lasted approximately 25 minutes.

2

*individual rights • social change*

Urban Justice Center

Plaintiff corresponded with Defendants regarding this issue on November 7, 2007, and Plaintiff's counsel, Molly Biklen and Elena Goldstein, conferred with Defendants' counsel, Kenneth Geller, by telephone on November 9, 2007. Defendants maintain their relevance objection to Interrogatory 22 and Requests 18-20, 31, 32, 34, and 35. Accordingly, Plaintiff seeks the intervention of the Court to compel responses to and production of documents responsive to the above-described requests.

*Defendants' Position*

Defendants' maintain that the purpose of discovery is not to establish the Court's jurisdiction. Allegations were made in plaintiff's complaint that the statutory jurisdictional requirements were present. Defendants' maintain that when plaintiff's complaint was filed, did not have any information that he could in good faith rely upon to allege that the individual corporate defendant had the jurisdictional revenues or that the so called enterprise had revenues that satisfied the statute. Likewise, plaintiff had no information to rely upon to make the enterprise allegation.

The individual defendants maintain that the requests for their individual financial data is irrelevant. It will not establish jurisdiction and has no bearing on whether plaintiff was or was not paid in accordance with the law.

Respectfully Submitted,

By: *Molly K. Biklen*
Molly Biklen (MB 3491)
Urban Justice Center
123 William Street, 16th Floor
New York, NY 10038

and

YISROEL SCHULMAN, ESQ
New York Legal Assistance Group
Elena Goldstein, of Counsel (EG 8586)
450 West 33rd St., 11th Floor
New York, NY 10001
Ph.: (212) 613-5000

*Attorneys for Plaintiffs*

By: _____
Kenneth Geller (KG 2399)
Kenneth Geller, P.C.
372 Doughty Blvd.
Inwood, NY 11096

*Attorney for Defendants*

Enterprise liability being alleged, the information requested is relevant to that issue. Accordingly, defendants are directed to answer the interrogatory and produce the requested documents.

**SO ORDERED**

*Gerard E. Lynch*
GERARD E. LYNCH, U.S.D.J.
11/13/07

3

*individual rights • social change*

# Urban Justice Center

Plaintiff corresponded with Defendants regarding this issue on November 7, 2007, and Plaintiff's counsel, Molly Biklen and Elena Goldstein, conferred with Defendants' counsel, Kenneth Geller, by telephone on November 9, 2007. Defendants maintain their relevance objection to Interrogatory 22 and Requests 18-20, 31, 32, 34, and 35. Accordingly, Plaintiff seeks the intervention of the Court to compel responses to and production of documents responsive to the above-described requests.

*Defendants' Position*

Defendants' maintain that the purpose of discovery is not to establish the Court's jurisdiction. Allegations were made in plaintiff's complaint that the statutory jurisdictional requirements were present. Defendants' maintain that when plaintiff's complaint was filed, did not have any information that he could in good faith rely upon to allege that the individual corporate defendant had the jurisdictional revenues or that the so called enterprise had revenues that satisfied the statute. Likewise, plaintiff had no information to rely upon to make the enterprise allegation.

The individual defendants maintain that the requests for their individual financial data is irrelevant. It will not establish jurisdiction and has no bearing on whether plaintiff was or was not paid in accordance with the law.

Respectfully Submitted,

By: /s/ Molly E. Biklen
Molly Biklen (MB 3491)
Urban Justice Center
123 William Street, 16th Floor
New York, NY 10038

and

YISROEL SCHULMAN, ESQ
New York Legal Assistance Group
Elena Goldstein, of Counsel (EG 8586)
450 West 33rd St., 11th Floor
New York, NY 10001
Ph.: (212) 613-5000

*Attorneys for Plaintiffs*

By: /s/ Kenneth Geller
Kenneth Geller (KG 2399)
Kenneth Geller, P.C.
372 Doughty Blvd.
Inwood, NY 11096

*Attorney for Defendants*